UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PROMOTE INNOVATION LLC | ) | |
| | ) | Case No. 2:10-cv-235 |
| Plaintiff | ) | |
| | ) | COMPLAINT FOR |
| v. | ) | FALSE PATENT MARKING |
| | ) | |
| LEVITON MANUFACTURING CO., INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

Plaintiff PROMOTE INNOVATION LLC alleges as follows:

## NATURE OF THE CASE

1. This is an action for false patent marking under Section 292 of the Patent Act (35 U.S.C. § 292). Plaintiff Promote Innovation brings this *qui tam* action on behalf of the United States of America.

## PARTIES

2. Plaintiff PROMOTE INNOVATION LLC is a Texas limited liability company with a principal place of business in Houston, Texas.

3. Defendant LEVITON MANUFACTURING CO., INC. is a Delaware corporation.

## JURISDICTION AND VENUE

4. The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over defendant. Defendant conducts business within the State of Texas. Defendant offers for sale, sells, marks, and/or advertises the products that are the subject of this complaint in the United States, the State of Texas, and the Eastern District of Texas.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a).

## FACTS

7. On August 20, 1999, Leviton filed an application for a patent that ultimately issued as U.S. Patent No. 6,246,588.

8.      The 588 patent claimed patent protection only for isolated conductors used in connection with reset lockout.

9.      Leviton desired patent protection for isolated conductors whether or not they are used in connection with reset lockout.

10.     On April 19, 2004, Leviton filed another application that resulted in the issuance of U.S. Patent No. 6,864,766 on March 8, 2005.

11.     Leviton filed the application that led to the 766 patent with the goal of claiming isolated conductors separate from reset lockout.

12.     Leviton also filed another patent application six months earlier (the "Germain application").

13.     Leviton included claims in the 766 patent that were nearly identical to the claims it had previously filed in the Germain application.

14.     The Germain application and the 766 patent application had no common inventors.

15.     During prosecution of the application for the 766 patent, Leviton did not inform the Patent Office about the co-pending Germain application with identical or nearly identical claims.

16.     During prosecution of the application for the 766 patent, Leviton also failed to make disclosures about relevant litigations and other matters to the Patent Office.

17.     On March 31, 2005, Leviton sued Universal Security Instruments, Inc., and USI Electric, Inc. ("USI") and Shanghai Meihao Electric, Inc. ("Meihao") for infringement of the 766 patent.

18.     Leviton brought its infringement suit with the knowledge that the 766 patent was unenforceable due to its inequitable conduct.

19.     On May 5, 2005, Shanghai Meihao Electric, Inc. ("Meihao") sought a declaratory judgment that the 766 patent is unenforceable because of inequitable conduct committed during the application for it.

20.     In 2007, Meihao discontinued manufacturing the product that Leviton accused of infringing the 766 patent.

21.     Leviton pursued litigation that it knew, or should have known, was baseless, particularly in view of the inequitable conduct that was the subject of Meihao's unenforceability defense.

22. On November 28, 2007, just as Magistrate Judge Susan K. Gauvey was prepared to issue a comprehensive opinion rejecting Leviton's motion for a protective order and requiring Leviton to produce documentary and testimonial evidence regarding its inequitable conduct, Leviton sought leave to dismiss voluntarily all its claims.

23. On December 17, 2007, the court issued an order granting Leviton's motion to dismiss its entire case with prejudice, but granted leave to Meihao to file an application for attorneys' fees.

24. On December 23, 2008, Magistrate Judge Gauvey issued a report and recommendation determining that the 766 patent was unenforceable for inequitable conduct.

25. Judge Gauvey concluded that the facts and circumstances indicated an intentional, deliberate deception of the PTO.

26. Judge Gauvey concluded that Leviton had a strong motive to deceive the PTO.

27. Judge Gauvey concluded that there was no evidence of countervailing good faith in Leviton's dealings with the PTO.

28. Judge Gauvey concluded that Leviton's attorneys had played fast and loose with the governing law, ignoring their overarching duty of candor and disclosure in complying with the governing statutes, regulations and manual provisions.

29. Judge Gauvey concluded that Leviton brought its lawsuit against USI and Meihao based on a patent received without full disclosure to the Patent Office, that Leviton engaged in a strategy of vexations litigation aimed at thwarting discovery of its inequitable conduct, and that Leviton finally chose to dismiss its case before any adverse rulings.

30. On May 12, 2009, District Judge Andre Davis adopted the report and recommendation of Magistrate Judge Gauvey in virtually all respects.

31. Judge Davis concluded that Leviton acted with the specific intent to deceive the PTO in prosecuting the 766 patent.

32. Leviton knew of the report and recommendation of Magistrate Judge Gauvey and its adoption by District Judge Davis on or about December 23, 2008 and May 12, 2009 respectively.

33. On September 22, 2009, Leviton sued its past lawyers for malpractice and breach of fiduciary duty based, in part, on its lawyers alleged malpractice during the prosecution of the 766 patent.

34. Leviton alleged in its malpractice suit that its past lawyers committed malpractice and breached their fiduciary duty to Leviton because they did not disclose to the Patent Office the co-pending Germain application with nearly identical claims to the 766 patent application and they did not make disclosures about relevant litigations and other matters.

35. On May 28, 2010, the Court of Appeals for the Federal Circuit vacated Judge Davis's decision because it concluded that Leviton is entitled to a bench trial on inequitable conduct, and that the lower court erred by finding inequitable conduct on summary judgment.

36. Defendant has marked and continues to mark its ground fault circuit interrupter products with the 766 patent.

37. Defendant knew that it was falsely marking its products with a patent that is unenforceable because of its inequitable conduct before the Patent Office.

38. Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.

39. Defendant knows that a patent that is unenforceable does not cover any product.

## CLAIM

40. For the reasons stated in paragraphs 7 to 39 above, defendant has violated section 292 of the Patent Act by falsely marking its products with intent to deceive the public.

## PRAYER FOR RELIEF

Plaintiff thus requests this Court, pursuant to 35 U.S.C. § 292 to do the following:

A. Enter judgment against defendant and in favor of plaintiff for the violations alleged in this complaint;

B. Order defendant to pay a civil monetary fine of $500 per false marking offense, or an alternative amount a determined by the Court, one-half of which shall be paid to the United States;

C. Grant plaintiff such other and further relief as it may deem just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

4

Dated: July 13, 2010                               Respectfully submitted,


                                                   /s/ Zachariah S. Harrington
                                                   Zachariah S. Harrington (lead attorney)
                                                   Texas Bar No. 24057886
                                                   zac@ahtlawfirm.com
                                                   Matthew J. Antonelli
                                                   matt@ahtlawfirm.com
                                                   Texas Bar No. 24068432
                                                   Larry D. Thompson, Jr.
                                                   Texas Bar No. 24051428
                                                   larry@ahtlawfirm.com
                                                   ANTONELLI, HARRINGTON &
                                                   THOMPSON LLP
                                                   4200 Montrose Blvd., Ste. 430
                                                   Houston, TX 77006
                                                   (713) 581-3000

                                                   Attorneys for
                                                   PROMOTE INNOVATION LLC