**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PROMOTE INNOVATION LLC, | § | |
|     *Plaintiff*, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:10-cv-235-TJW-CE |
| | § | |
| LEVITON MANUFACTURING CO, INC., | § | |
|     *Defendant*. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

### I.    Introduction

Before the Court is Defendant Leviton Manufacturing Co., Inc.'s ("Leviton") Motion to Transfer Venue. (Dkt. No. 26.) The Court, having considered the venue motion and the arguments of counsel, GRANTS the motion to transfer venue for Defendant to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors demonstrates that the transferee venue is "clearly more convenient" than the venue chosen by Plaintiff Promote Innovation LLC ("Promote"). *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

### II.    Factual and Procedural Background

Promote is a Texas limited liability company with a principal place of business in Houston, Texas, which is situated within the Southern District of Texas. (Dkt. No. 1.) Defendant Leviton is a Delaware corporation and has its principal place of business in Melville, New York. (Becker Decl. at ¶ 2, attached to Dkt. No. 26.)

Promote brought this action against Defendant for an alleged violation under 35 U.S.C. § 292 for false patent marking.   Promote alleges that Defendant has marked and continue to mark its products with U.S. Patent No. 6,864,766   ("the 766 Patent").   The present issue is Defendant's Motion to Transfer Venue.   (Dkt. No. 26.)   Defendant moves this Court to transfer venue in this case to the Eastern District of New York.   The following pages outline the Court's analysis.

## III.     Analysis

### A.         Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).   The Fifth Circuit and Federal Circuit have enunciated the standard to be used in deciding motions to transfer venue.   *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304.   The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient."   *Volkswagen II*, 545 F.3d at 314.   This Court has confirmed that for cases alleging false patent marking, although the plaintiff in these *qui tam* actions is bringing the lawsuit on behalf of the United States, the burden is the same in these cases as the burden announced in *Volkswagen II*.   *See Texas Data Co., L.L.C. v. Target Brands, Inc.*, Civ. No. 2:10-cv-269-TJW, 2011 WL 98283 (E.D. Tex. Jan. 12, 2011) (J. Ward).

The initial threshold question is whether the suit could have been brought in the proposed transferee district.   *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004).   If

the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.*

**B.     Proper Venue**

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagen I*, 371 F.3d at 203. Neither party disputes that this case could have been brought in the Eastern District of New York, and this Court agrees. Therefore, the threshold determination is met.

**C.     Private/Public Interest Factor Analysis**

*1.     Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first private interest factor to consider. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at

316.  The plaintiff's documents are located in Houston, Texas and are closer to the Eastern District of Texas.   But the majority of relevant sources of proof in this case are in the custody of Defendant, given the nature of the false marking statute.[1]   The vast majority of Defendant's relevant documents are located in Melville, New York, which is within the Eastern District of New York.   None of Defendant's documents are located in Texas.   In addition, the vast majority of third-party witnesses identified by the parties are in or near the Eastern District of New York. Therefore, this factor favors transfer.

### 2.   Availability of Compulsory Process

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses.   Rule 45(c)(3)(A)(ii) limits the Court's absolute subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse.   *Volkswagen II*, 545 F.3d at 316.   This factor will weigh more heavily in favor of transfer when more non-party witnesses reside within the transferee venue.   *See id.*   This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power."   *See id.*   "Absolute subpoena power" is subpoena power for both depositions and trial.   *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

Following the reasoning stated in *Promote Innovations LLC v. Ortho-McNeil Pharmaceutical, LLC*, 2:10-cv-109 (E.D. Tex. Jan. 12, 2011), this factor considers only non-party witnesses.   In other words, witnesses that are a party or a party's officers are not considered.   In addition, current employees have an employment relationship with a party and should be considered party witnesses.   *Accord Emanuel v. SPX Corp. OTC Tools Div.*, 6:09-cv-220, 2009

---

[1]  The statute is "a criminal provision" and the primary focus of the statute is the conduct and intent of the defendant.   *See* 35 U.S.C. § 292, Historical and Statutory Notes.

4

WL 3063322, at *5, n.2 (E.D. Tex. Sept. 21, 2009) ("Current OTC employees, however, appear to have an employment relationship with SPX and should be considered party witnesses.").

Neither party has identified any potential non-party witnesses residing within 100 miles of Marshall, Texas. Alternatively, Leviton identifies four non-party witnesses that live in New York, New York, and these witnesses reside within 100 miles of the Brooklyn courthouse in the Eastern District of New York. These witnesses consist of the attorneys that prosecuted the '766 Patent, and they are potential witnesses in this case because of an inequitable conduct issue. The Court disagrees with Plaintiff that they should be considered party witnesses; instead, it is undisputed that they are not employees of Leviton and they would not likely be "willing" witnesses give that Promote is essentially claiming that they were a part of Leviton's alleged inequitable conduct. This factor weighs in favor of transfer.

3. *Cost of Attendance for Willing Witnesses*

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Eastern District of New York. The Court must consider the convenience of both the party and non-party witnesses. *Volkswagen I*, 371 F.3d at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009). As indicated above, the significant majority of potential witnesses in this case are located near New York. The defendant names seventeen potential witnesses that all live in or near New York. The defendant is not aware of any potential witnesses located in the Eastern District of Texas or within 100 miles of the Marshall Division. (*Id.*) Promote has contended that the managing member of its company, Zachariah Harrington, will likely testify, and because he is located in Houston, it will inconvenience him to travel to the

Eastern District of New York. The Court agrees that travelling to the Eastern District of New York would be a greater inconvenience to Mr. Harrington. The defendant, however, has shown seventeen potential witnesses that would be inconvenienced in traveling to the Eastern District of Texas compared to one witness from Plaintiff that would be inconvenienced travelling to the Eastern District of New York. Further, none of the potential witnesses in this case is located within 100 miles of the Marshall Division courthouse. Therefore, this factor slightly favors transfer.

4. *Other Practical Problems*

Practical problems include issues of judicial economy. *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Judicial economy weighs against transfer when the Court already has familiarity with the case's factual issues. *Id.* Further, the Court often considers the possibility of delay and prejudice if transfer is granted, but delay and prejudice associated with transfer is relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *ICHL, LLC v. NEC Corp. of America*, No. 5:08-cv-65, 2009 WL 1748573, at *12 (E.D. Tex. June 19, 2009) (quoting *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003)). Relating to this factor, Promote argues that Defendants' motion to transfer is untimely because it was not filed with "reasonable promptness." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The Court disagrees and further finds that any alleged prejudice would not be solely due to the purported delay in bringing the motion. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000) ("[A] Section 1404(a) transfer motion can technically be made at any time."). Defendant filed the Motion shortly after the Status

6

Conference held on November 23, 2011. Because problems with judicial economy do not exist here, this factor is neutral.

### 5. *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved. *In re Genentech*, 566 F.3d at 1347. Plaintiff argues that transferring the case to the Eastern District of New York would dramatically delay the trial. Specifically, Plaintiff contends that the median time to trial in the Eastern District of New York is 37 months, which is beyond the current trial setting of September 2011. Given the potential delay, the Court agrees that this factor weighs against transfer.

### 6. *Local Interest*

The Court considers local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

This case is like *TS Tech* because the only local interest is that the product at issue is sold in the Eastern District of Texas. *See In re TS Tech*, 551 F.3d at 1321. As in *TS Tech*, "[n]one of the companies have an office in the Eastern District of Texas; no identified witnesses reside in the Eastern District of Texas; and no evidence is located within the venue." *Id.* The plaintiff company does not even have an office in the Eastern District of Texas; instead, its office is in Houston in the Southern District of Texas. Further, in accordance with Fifth Circuit and Federal

Circuit precedent, the fact that the allegedly falsely marked product is sold in the Eastern District of Texas cannot, by itself, make the local interest factor weigh against transfer. *See id.* ("The vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue"); *Volkswagen II*, 545 F.3d at 317-18.

In contrast, the Eastern District of New York has a particularized interest in the resolution of this case. The defendant in this case is incorporated in Delaware and its major business operations are conducted within the Eastern District of New York's boundaries. Further, the individuals responsible for making the decisions to mark the accused product with the patent located within or close to the Eastern District of New York. This is an important consideration because, as noted above, one of the key issues in a claim under 35 U.S.C. § 292 is the intent of the party marking the product with the patent. Therefore, this factor weighs in favor of transfer.

7. *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Promote claims that "[i]n the last two years, there have been more than 200 false-marking cases filed in this Court." (Dkt. No. 29.) This Court is aware of the high number of false marking cases filed in this Court and also notes that the Plaintiff Promote has accounted for approximately fifty of those cases. In accordance, Promote argues this Court has more familiarity of the issues related to false patent marking and therefore this factor should weigh against transfer. Although this Court may have a greater familiarity with the law of false marking due to the hundreds of cases filed, the Court disagrees that this factor weighs against transfer. The false marking statute is federal law and both federal courts are

equally capable of applying such federal law.   *See In re TS Tech*, 551 F.3d at 1320.   Accordingly, this factor is neutral.

8.     *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor is neutral.

**E.     The Court Grants Defendant's Motion to Transfer**

Considering all of the private and public interest factors, the defendant has met its burden of showing that the Eastern District of New York is "clearly more convenient" than the Eastern District of Texas.   *See Volkswagen II*, 545 F.3d at 315.   This Court recognizes the "significant burden" on a movant in a motion to transfer venue.   Indeed, as stated in *Texas Data*, "[t]he Fifth Circuit in *Volkswagen II* recognized this "significant burden" and issued a writ of mandamus to transfer only after it found that four of the eight *Gilbert* factors weighed in favor of transfer and no factors weighed against transfer."   *Texas Data*, 2011 WL 98283, at *14.   But in this case four factors weigh in favor of transfer—ease of access to sources of proof, availability of compulsory process, cost of attendance for willing witnesses, and local interest.   On the other hand, only one factor weighs against transfer—administrative difficulties caused by court congestion.   This factor, however, is the "most speculative" and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors."   *In re Genentech*, 566 F.3d at 1347.   Therefore, Defendant's motion to transfer venue is GRANTED.

**IV.     Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Transfer Venue to the Eastern District of New York.

It is so ORDERED.

SIGNED this 17th day of February, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE